UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CAPE QUARRY, LLC  CIVIL ACTION

 21-1293

 SECTION: "J" (2)

**ORDER & REASONS**

Before the Court is a *Motion to Dismiss Bankruptcy Appeal* **(Rec. Doc. 8)** filed by Appellee, Reorganized Cape Quarry LLC. The motion is opposed by Appellant, Hardstock LLC (Rec. Doc. 10), and Appellee filed a reply (Rec. Doc. 18). Having consider the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

**FACTS AND PROCEDURAL BACKGROUND**

This is an appeal from bankruptcy proceedings for Cape Quarry LLC ("Cape Quarry"), which filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 3, 2019. The proceeding was consolidated and placed under joint administration with *In re Dominion Group, LLC*, on October 2, 2019.[1] Cape Quarry is a wholly-owned subsidiary of Dominion Group, LLC ("Dominion").

In September 2020, reorganization plans were filed by a group of secured creditors (the "Senior Creditors")[2] and by Quarry Aggregates LLC (respectively, the

---

[1] Bankr. Rec. Doc. 48.
[2] This group includes the Holders of the Debtor in Possession Loan Claim, Celtic Claim, and Milner Prepetition Claim.

"Senior Creditors' Plan" and the "QA Plan").[3] On November 17, 2020, the Bankruptcy Court confirmed the Senior Creditors' Plan and denied confirmation of the QA Plan.[4] The effective date of the confirmed plan occurred on December 16, 2020.[5]

In May 2021, Appellee moved for final decree,[6] while Appellant moved to revoke confirmation of the Senior Creditors' Plan, alleging fraud in the confirmation of the Plan.[7] After a hearing on June 16, 2021, the Bankruptcy Court denied the motion for revocation and granted the motion for final decree.[8] Appellant filed a notice of appeal on July 1, 2021.[9]

## PARTIES' ARGUMENTS

Appellee, Reorganized Cape Quarry LLC, contends that Appellant lacks standing for this appeal on multiple grounds, including (1) Appellant failed to seek derivative standing in the Bankruptcy Court; (2) Appellant is not a party in interest; and (3) Appellant has no pecuniary interest under the confirmed plan. Appellee further contends that this appeal is moot because the confirmed plan has reached substantial consummation. Finally, Appellee contends that Appellant has no evidence to support its fraud allegations because it failed to introduce any evidence or make an offer of proof at the hearing on its motion for revocation.

Appellant, Hardstock LLC, contends that it is an equity security holder, and therefore has standing, because it owns 99% of the membership units of Dominion,

---

[3] Bankr. Rec. Docs. 122, 127.
[4] Bankr. Rec. Doc. 198.
[5] Bankr. Rec. Doc. 218.
[6] Bankr. Rec. Doc. 263.
[7] Bankr. Rec. Doc. 266.
[8] Bankr. Rec. Docs. 290, 291.
[9] Bankr. Rec. Doc. 300.

and Cape Quarry is a wholly owned subsidiary of Dominion. Appellant further contends that Appellee has failed to introduce any evidence showing that the plan has been substantially consummated.

## DISCUSSION

Standing in a bankruptcy appeal is governed by the "person aggrieved" standard, and an appellant must show "a realistic likelihood of injury." *In re Coho Energy Inc.*, 395 F.3d 198, 202–03 (5th Cir. 2004). The "person aggrieved" standard is more exacting than traditional constitutional standing. *Id.* It requires a "higher causal nexus between act and injury; appellant must show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court' in order to have standing to appeal." *Id.* (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)). Section 1109 of the Bankruptcy Code provides a non-exhaustive list of parties with standing that includes "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." 11 U.S.C. § 1109(b).

In *In re Vantage Drilling International*, 603 B.R. 538 (Bankr. D. Del. 2019), a shareholder of the corporate parent of a chapter 11 debtor sought to object to confirmation of a reorganization plan, but the bankruptcy court refused to entertain its objections because the court found that it lacked standing. The bankruptcy court explained that the corporate-parent shareholder's connection to the debtor was "too attenuated" because it was merely a "shareholder of a shareholder of [the] debtor"

3

rather than a shareholder of the debtor itself. *Id.* at 543. On appeal, the district court affirmed, explaining:

> [S]tanding was properly denied as Appellants did not identify a pecuniary interest that was susceptible to redress by the Bankruptcy Court. Appellants had no claim against or equity interests in the Company. F3 was a shareholder of Vantage, an entity which was not a debtor in the Chapter 11 proceeding. To the extent that confirmation of the Plan would have had any effect on Appellants, therefore, it would be derivative of Vantage's status as a shareholder of [the debtor]. Case law is clear that "[p]arty in interest standing under § 1109(b) does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding."

*Id.* at 545-46 (third alteration in original) (quoting *Krys v. Off. Comm. of Unsecured Creditors (In re Refco, Inc.)*, 505 F.3d 109, 117 & n.10 (2d Cir. 2007)).

Likewise, Appellant is a shareholder of a shareholder of the debtor, and the rights it seeks to assert are purely derivative of Dominion's. Appellant seeks revocation of the confirmed reorganization plan because, it claims, the plan "diminished [its] property and assets and impaired [its] rights[,] . . . as the quarry itself and the inventory identified in the Senior Creditor's Plan were taken and reassigned to the Reorganized Debtor in Possession."[10] The plan challenged by Appellant concerned only Cape Quarry, which is wholly owned by Dominion. Therefore, the rights Appellant seeks to assert are derivative of Dominion's status as a shareholder of Cape Quarry, and Appellant cannot be said to be an equity security holder of the debtor.

Because Appellant is not one of the parties enumerated by § 1109(b), it must demonstrate that case law supports its claim of standing. *See In re Cypresswood Land*

---

[10] (Rec. Doc. 10, at 5).

*Partners, I*, 409 B.R. 396, 416 (Bankr. S.D. Tex. 2009) ("For those entities that do not fit within the seven enumerated categories of § 1109(b), but still want to gain 'party in interest' status, they must look to case law."). Appellant has failed to do so, and its remaining arguments to the contrary are unavailing.

Finally, the Court concludes that the substance of this appeal lacks merit. At issue here is whether revocation of a confirmed plan can be sought via motion or must be brought in an adversary proceeding. "When a party seeks revocation of a confirmation order through a contested matter, the bankruptcy court must dismiss the motion unless all parties consent to allowing the procedural error." *In re CTLI, LLC*, 534 B.R. 895, 905 (Bankr. S.D. Tex. 2015). Appellee did not consent, so the Bankruptcy Court denied the motion.[11] The Bankruptcy Court did not err.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Reorganized Cape Quarry LLC's *Motion to Dismiss Bankruptcy Appeal* **(Rec. Doc. 8)** is **GRANTED**, and this appeal is **DISMISSED** for lack of standing.

New Orleans, Louisiana, this 26th day of August, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[11] (*See* Rec. Doc. 10-1, at 21-22).

5